UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4916-RAO Date: September 4, 2026
Title: Yahong Sun v. James Janecka, Warden of Adelanto ICE Processing Center

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

I. INTRODUCTION

Petitioner Yahong Sun, a noncitizen, represented by counsel, initiated this federal habeas action under 28 U.S.C. § 2241 on August 27, 2026. Dkt. No. 1 ("Pet."). The Petition claims violations of procedural and substantive due process. *Id*. at 23-24. As set forth in the Petition and the parties' briefs, Petitioner is a visa overstay who was arrested at Los International Airport on July 31, 2026, after arriving on a domestic flight. On August 25, 2026, approximately 25 days after her arrest, Petitioner appeared before an immigration judge for a bond hearing. The immigration judge determined Petitioner to be a risk of flight and denied bond. Petitioner's removal proceedings are ongoing.

Petitioner argues that she holds a liberty interest protected by due process that required she be provided with a hearing before her detention. Pet. at 15. Applying the familiar framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine what procedural protections she was due, Petitioner asks the Court to find that the *Mathews* factor militate in favor of her immediate release. *See generally* Pet.; *see also* Dkt. No. 9 ("Reply"). Respondents disagree. Because Petitioner was not previously paroled into the country—in other words, no prior determination had been made by immigration authorities concerning whether she should be released or remain in custody—Respondents assert that she has not acquired a vested liberty interest in remaining out of custody and, consequently, is not entitled to additional procedural protections beyond what she received. Dkt. No. 8 ("Ans.").

///

II. PERTINENT BACKGROUND

Petitioner entered the country lawfully in March 2024 on a B-2 visa. Pet. at 8. In June 2024, Petitioner applied for asylum and withholding of removal. *Id*. Petitioner was granted an employment authorization document that is valid through December 18, 2029. *Id*. at 9. She has no criminal history, is raising a minor child who is receiving ongoing medical treatment, owns her own house, and has ties to the community. *Id*. at 9-10. On July 31, 2026, immigration authorities arrested Petitioner at Los Angeles International Airport after she arrived on a domestic flight from Alaska. *Id*. at 10-11. Immigration authorities have charged her as a deportable alien under 8 U.S.C. § 1227(a)(1)(B) on the basis of a visa overstay. *Id*. at 11. On August 25, 2026, Petitioner appeared before an immigration judge for a bond hearing and presented evidence. *Id*. at 12-13. At the conclusion of the hearing, the immigration judge determined Petitioner was a flight risk and detained her. *Id*. at 13. Petitioner reserved her appeal rights of the denial of bond; her notice of appeal to the Board of Immigration Appeals is due by September 24, 2026. Petitioner's removal proceedings are ongoing. *Id*. at 12.

III. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

*First*, the Court finds Petitioner's procedural due process claims fail.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections include noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id*. at 690. The Due Process Clause generally "requires some kind

of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Relevant to the facts here, and as other courts have noted, "[a]lthough Petitioner has a private interest in remaining free, [she] does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole." *Jemna v. Warden of Otay Mesa Detention Center*, 2026 WL 788172, at *5 (S.D. Cal. Mar. 16, 2026). While Petitioner has a liberty interest in not being detained, a bond hearing like the one provided pursuant to Section 1226(a), provides "procedural safeguards to ensure that detention is proper." *Morales-Flores v. Lyons*, 2025 WL 3552841, at *6 (E.D. Cal. Dec. 11, 2025). Here, Petitioner appeared before an immigration judge and presented evidence. At the conclusion of the hearing, the immigration judge determined Petitioner was a flight risk and denied bond. Because Petitioner has received a bond hearing, she fails to demonstrate that her detention violates her procedural due process rights.

*Second*, the Court finds Plaintiff's substantive due process claim lacks merit.

The Petition states that civil immigration detention may be ordered where there is a determination of either danger to the community or a risk of flight and may not be punitive. Pet. at 24. But here, the immigration judge concluded at the bond hearing that Petitioner's detention was warranted based on a risk of flight. *See Melkumyan v. Semaia*, 2026 WL 1772761, at *2 (C.D. Cal. Jun. 16, 2026). As stated in the Reply, Petitioner is not challenging that bond ruling.[1] Further,

[1] The Petition states that the bond hearing Petitioner received was not individualized and did not satisfy due process. *See* Pet. at 18-22, 23. However, the Reply makes clear Petitioner is not seeking review of the bond ruling itself. Reply at 11. Accordingly, the Court need not address Respondents' argument regarding failure to exhaust administrative remedies.

while civil detention may become punitive when it is excessively prolonged, *see Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004), Petitioner has been detained for slightly over one month. To be sure, being detained is difficult, but Petitioner's period of custody is not so lengthy as to rise to a substantive due process violation. *See Wang v. Janecha, et al.*, 2026 WL 2584800, at *2-3 (C.D. Cal. Aug. 31, 2026).

IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court denies the Petition.

**IT IS SO ORDERED.**